# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 7, 2010

Lyle W. Cayce
Clerk

No. 09-31046

EDDIE D. LEE,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:08-CV-5180

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eddie D. Lee, Louisiana prisoner #102226, appeals the denial of his 28 U.S.C. § 2254 application. He was charged with possession with intent to distribute cocaine but convicted of simple possession. The district court granted Lee a certificate of appealability on whether the Louisiana appellate court on postconviction review applied *Strickland v. Washington*, 466 U.S. 668, 687 (1984), in an objectively unreasonable manner by concluding that Lee suffered no prejudice when his counsel allowed him to be tried in prison clothing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Habeas relief may not be granted with respect to a claim that was adjudicated on the merits in state court, unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). "A merely incorrect state court decision is not sufficient to constitute an unreasonable application of federal law; rather, the decision must be objectively unreasonable." *Virgil v. Dretke*, 446 F.3d 598, 604 (5th Cir. 2006). We may not reverse a state court's decision "merely because we would reach a different outcome"; rather we must "conclude that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).

Section 2254(d)(2) applies to the state court's overall determination of facts relevant to its decision. *Fields v. Thaler*, 588 F.3d 270, 279 (5th Cir. 2009). A state court's discreet factual findings are presumed to be correct, but a petitioner may rebut such presumption with clear and convincing evidence. *Id.*; § 2254(e)(1). A state court's "factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 130 S. Ct. 841, 849 (2010).

To obtain relief based on the ineffectiveness of counsel, Lee must establish that counsel's performance was deficient and that the deficient performance prejudiced the defense. *See Strickland*, 466 U.S. at 687. To establish prejudice, he must show that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *See id.* at 694.

The state appellate court reasoned that there was no *Strickland* prejudice because the evidence of Lee's guilt was "clear" and "overwhelming." Lee argues that the evidence was not "overwhelming" and that the state court's evaluation

2

of the evidence was therefore "an unreasonable determination of the facts in light of the evidence" adduced at trial. The State argues that the trial evidence was sufficient to establish Lee's guilt so that the state appellate court's determination of the facts was not unreasonable. In addition, the State argues that a lack or prejudice is shown by the defense's success in getting the verdict it sought on the lesser offense of drug possession.

We need not decide specifically whether the evidence against Lee was "overwhelming" but only whether "counsel's unprofessional errors . . . undermine confidence in the outcome" of the trial. *Strickland*, 466 U.S. at 694. At trial, a police officer testified that he chased Lee into an alley where Lee threw down a beige packet. After Lee was handcuffed the officer retrieved the beige packet which contained crack cocaine. The officer's testimony was clear, direct, unchallenged, and corroborated indirectly by two other policeman. Accordingly, the state court's determination of the facts in the light of the trial evidence was not unreasonable under § 2254(d)(2). *See Wood*, 130 S. Ct. at 849. Lee has not shown that the state appellate court's application of *Strickland* was "so patently incorrect as to be [objectively] 'unreasonable.'" *Gardner*, 247 F.3d at 560; *see Virgil*, 446 F.3d at 604. The judgment of the district court is **AFFIRMED**.